is handling 435 consolidations of 310 and 442 River Valley Metro Mass Transit District, Gerard McInnis and Jesus Paincar. Illinois Railway Relations Board 만들어 you may proceed. Good morning, Your Honor's May please. The court is adjourned. I'm Gerard McInnis along with my colleague Jason Selvey, represent of the appellant. First transit in this matter. State Labor Board's decision in order of May 5th 2010 should be vacated. The underlying unfair labor practice charge dismissed. There are six readily apparent facts that make this conclusion unmistakable. Number one, there is no such entity as first transit slash River Valley Metro. Number two, first transit is a private employer, as defined by the National Labor Relations Act and subject to the jurisdiction of the National Labor Relations Board. Number three, there is no dispute that first transit was Miss Johnson's employer. Number four, River Valley Metro was not Miss Johnson's employer. Number five, the National Labor Relations Board exercised its jurisdiction over first transit in Miss Johnson in connection with an unfair labor practice charge that she filed, which is nearly identical to the charge she filed with the state labor board. And the National Labor Relations Board dismissed her charge, not because it lacked jurisdiction, as has been indicated in this record by both the board's investigator and by the board itself, but because the National Labor Relations Board investigation found insufficient evidence to support the allegations that were set forth in the charge. Did the Illinois board know that when they issued their complaint? Yes, they did. It's in the record, Your Honor. Most certainly, that information was available to the board. And in fact, the board's investigator answer been filed that could have been litigated. Pardon? I had an answer been timely filed. That certainly could have been litigated. Well, that information was actually available to the board before the before the complaint was even issued because the investigator, a letter was sent to the investigator by first transit's counsel at the time, Paul Avery, and the investigator either misread the letter or chose to ignore it because he then can continue to conduct the investigation on the premise that the National Labor Relations Board dismissed the case because it lacked jurisdiction. Tell me what order you're appealing. We're appealing the May 5th, 2010 order of the board. What did that order direct first transit? Well, if if if you view the cases, we do that. We are still that we are a party along with River Valley in the case, which is contrary to what the board now argues or argued in its response. If you look at the cases, we do that. We are in it. Um, it along with directs along with first transit are in directs River Valley and first transit to reinstate Miss Johnson to give her backpack. Um, you believe that order compels you to reinstate her? I think there's I think there's an open question. Uh, given the given the fact that we were in the case we we attempted to file an answer that was conceding that you were properly served and learning. No, we're not conceding that your honor. But then how do you have standing to appear? Well, we believe we have standing because separate and apart from whether we were properly in that proceeding in the proceeding below the administrative agency or not, were identified as as, um, uh, at least there was an attempt made that identifies us as a as a party in the case. And we certainly have the appropriate or the right to bring on appeal on that basis to to contest jurisdiction. Have you petitioned to intervene here in this court? We filed as we filed as a party in this court. Your honor. So doesn't that concede that your party were a party for this case? I don't believe it necessarily concedes that we're a party that we're a party below that we were a party below. You never thought to intervene below. You never thought to intervene below. Uh, we did not intervene. We did not. There was not a motion filed to as if we were in the proceeding, and this and as if we were a party, we could. We participated in the investigation, submitted evidence of information. We responded, although perhaps untimely in some cases are in some respect to the to the complaint. And at no point in the any of the proceedings, did the A. L. J. Or the board say, Wait a minute. First transit. You're not a party in this case. We're not. You haven't intervened. We're going. We're going to. We're not going to consider your argument. Aside from that, you, uh, your private entity, right? That is correct. Okay, then how does how's their jurisdiction? There is a jurisdiction. That's the entire argument for of that's in the entirety of first transit's argument. But the board never looked at the room rather than, uh, addressing the jurisdictional issues that were raised in the exceptions that were filed. There's no jurisdiction. How are you here on appeal? We're here on appeal because we we filed the appeal. A lot of papers filed. But where's the jurisdiction for our court over over the party? Where's the jurisdiction? If we don't have jurisdiction, if people blow, didn't have just well, the board didn't have jurisdiction over first transit. We've submitted. We find filing the K in filing this case. We've submitted to the jurisdiction of this court to resolve that issue. Thank you. Good morning. Joe King Car. We have a river valley Metro mass transit district. Preliminarily, I would just adopt first transit's jurisdictional arguments is the arguments of the district. And note that they would. If you decided on those grounds, it would obviate the need to decide this matter on the alternative procedural grounds with the district has offered. I don't understand if their argument is there's no jurisdiction over first transit. Their argument is not that there's no jurisdiction over Valley. Well, I respectfully, I would say that there was personal jurisdiction over first transit when it went into court and it submitted itself to that proceeding. The question is whether or not their subject matter jurisdiction, which there is not. So this court does, I would feel has bootstrapping on first transit being a private company. Valley River Valley is a municipal corporation. Correct? Yeah. And there's no mistake that the board had personal jurisdiction over the district. But the issue still remains the same that the subject matter jurisdiction is not there because Miss Johnson is, in fact, a private employee and first transit who is her employer is a private employer. Well, isn't that litigated once you file an answer? Well, obviously that we would like to have. We would like to say that the complaint should have been issued. But yes, had the complaint been issued, that certainly would have been one of the matters litigated. In other words, if there's a compliance hearing, these are matters that could be raised in the compliance hearing. Undoubtedly. I mean, it could have been raised in the answer, and it could have been, we could have had a separate hearing on that issue, or it could have been tried with the case itself. But we're here because there was no answer filed. And you're here because you delegated the duty to file an answer to first transit. Well, because it's her, it's its employer. It's, they're the employer of Miss Johnson. And under the contract, they have a duty to defend. I didn't see that in the contract. Can you point me to that? It's under the, under the employment section. I know there's a provision to hold you harmless. That is on page 15 of the contract under personnel. But I did not see any duty to litigate. And if you could point it out to me either now or later, that would be helpful. Yes. But regardless of the, and I'll look through the contract while I'm here, but regardless, you know, once the, once the duty to defend was tendered to first transit and first transit accepted that duty, certainly irrespective of the contract itself, the district has a reasonable right to lower its expectations of what's required of it before the board. And it did that. It, it believed that it did not need to actively participate or defend the charges and rightfully so. It is, Miss Johnson is first transit's employer. Johnson is first transit's employee, pardon me. And that is kind of the point of the extraordinary circumstances. It's really a question of fact here, isn't it? Based on what the contract provides, what the relationship is, because first transit doesn't actually own buses. They do not own the buses. They operate on the bourbon a facility. They do not. So it kind of creates this question of fact of whether there was a joint employment situation, co employers or no employment. Well, if you look in fact, and I would direct is that we do not govern any of the terms, the wages, for example, the seniority, the benefits, and most of those cases where you find a joint employer type of relationship, the, the, the public entity has control over those things. And I, and I would point to the national labor, labor board decisions and the seventh circuit in federal security. There's an eighth circuit case called Mayflower services, which is a contract almost exactly like this. And it's a private transit company that works for a public entity in the NLRB found that there was no joint employment under that status. But irrespective of that, the federal, the NLRB doesn't employ that test. Find in this case as to who the employer was, it found first transit was the employee. It exercised jurisdiction. Didn't the NLRB dismissed the case finding that she was employed by Valley Metro? That is not what it said that it did not have jurisdiction over River Valley Metro. It exercised jurisdiction over Miss Johnson and first transit finding that it would not, it would not issue the complaint because the complaint of action was taken at the request of the district, but for non-union related reasons and she could not show otherwise. And that's where I think the, as far as the extraordinary circumstances, I think that's where the board errors that the, the equities could not be properly addressed without assessing the culpability of the district's inaction as measured from the reasonableness of expectations. And I think it's focused on first transit was a mistake. We have to focus on the diligence that the district used before the board and the fact that it did not willfully disregard the process of the board in this court's decisions. How do you say you willfully disregarded, didn't disregard? How can you say that? Well, because it, because admittedly it did not file its answer and it did not, but it was induced into the expectation that would not need to. And why is that? Because first transit accepted that defense. And how do you get subject matter jurisdiction by a contract over a statute? How do I get subject matter jurisdiction over a contract? By contract law, by your individual contract. They gave you subject matter jurisdiction. Well, no, because the issue itself, the subject matter, whether or not she was discharged for union related reasons is what's preempted. And just because if just because there's a contract and you can sue for under that contract for tortious interference or otherwise, that matter is still preempted by the NLR, by the NLRA and subject to the exclusive jurisdiction of the NLRB. Was the district misled or fraudulently caused to believe that an answer was filed or would be filed? Was there any fraud involved? No, I don't think that we were fraudulently. I think that we were certainly induced into believing that it would be filed. And therefore we took a step back and lowered our expectations. And I don't necessarily believe that fraud is required. I think that the inducement, it's kind of like an estoppel, but it's just an expanded estoppel where we're going to stop. Who induced you? Well, First Transit. And that's why I'm saying How did they induce you to do that? Because they accepted the defense and said they were going to defend. And therefore we would not need to file an answer. So you made a legal judgment? Well, it was a reasonable one. Based upon their telling us that we will defend you. Of course, that's why you're here. Well, that's why we're here. That's exactly why we're here. Yes, absolutely. And if you look at this court's decisions of burden basing or their older cases, but it's a matter of willful disregard of the board's process and they examine the defaulted party, not the party in those other cases that I said as well. It's not the agent or the insurance company. They examine the defaulted party's reliance, its showed and the respected show for the board. When you did attempt to file the answer, was it served on the board quickly by expedited mail service or delivery? A delivery service? No, I put it in. I put it in the mail to the Springfield office and it was delivered 14 days after the deadline for the answer. Well, it was in the mail on the seventh day. Literally, I received the motion for default on a Saturday. I And under the board's rules, the document is being filed when it's mailed. Counselor, you have two minutes. And so I believe I at least acted diligently. I could certainly, I could have brought it, I could have walked, maybe walked it over to the ILRB or used an expedited method. But the question is whether we were diligent and our actions reasonable, not whether we could have been more diligent or done it a The matter was filed. The board, the paper is deemed filed on the day it's mailed. So the other question is, of course, the variance. And I think we satisfy those. I don't like, I don't understand the 214-01 analysis with respect to the third prong of that test. I think it's better suited for the extraordinary circumstances exception. I think the focus of that prong should be the consequences, not why we're here or what happened before the board procedurally, but the consequences in the injury to the default departing now that we are here. And I think if you look at it from the standpoint that the district is indisputably not Johnson's employer and the fact that it cannot implement the order, it is impossible for the district to implement that order without first transit participation. It is unreasonable and unnecessarily burdensome for the district to have the judgment entered by default. So I would reserve time for rebuttal. Thank you. You may proceed. May it please the court. Counsel Timothy McPike, Assistant Attorney General representing the Illinois Labor Relations Board State Panel. First of all, your honors, it is not conceded and it is still an open issue of fact and law whether Ms. Johnson is an employee of River Valley. If you look at the American Federation, the Ask Me case, the Illinois Supreme Court case that is the precedent governing this decision, the Illinois Supreme Court specifically stated that the question of whether there is concurrent jurisdiction between the State Board and the Federal Labor Relations Board is an open legal question that the court declined to address in that case. It further held that the issue of whether an employee is a joint, is an employee of their joint employers, is a matter that can only be determined not by merely reference to the contract, which is the only document that was in evidence in there. The Supreme Court specifically held it's not the theoretical control that the governmental entity exercises, but the actual control. Specifically, you can't just look at the contract. That's the theoretical control. You have to have a hearing to determine the actual control. And they referenced matters such as determination of wages, determination of whether overtime will be allowed or not, the day-to-day control that the government entity exercises over the employee's, you know, operations of its job function. Is there a provision in the contract that it actually allows the district to compel first, first transit, thank you, to fire somebody if they're not complying with, sort of? I believe that is, that contract provision is open to interpretation about what that actually means. The National Labor Relations Board held that River Valley complained to first transit and that first transit fired it. So that would be, that's another point to show that it doesn't, it requires a hearing to determine whether there was a subject matter jurisdiction here. Who is negotiating with Local 1745? That's really unclear from the other counsel can answer that, but my recollection of the record is that River Valley did not participate in any of the negotiations, but I can't say that for sure. So to sum up, the question of subject matter jurisdiction, we respectfully suggest that although it can be raised at any time, this court should not decide that issue because under the AFSCME case, it's an intricate question of facts and law that require a hearing, and on the evidence in this record, there is only a contract. Not sufficient to determine whether there is a concurrent jurisdiction, which is an undecided legal question, or whether as a matter of fact, Ms. Johnson was a joint employee of both the government entity and the private contractor. Those are undecided factual questions. It's my understanding that the board concedes that there's no personal jurisdiction over First Transit? No personal and no subject matter jurisdiction, and in response to the arguments of counsel, we would say that there's nothing in the record, save one thing, that either the board or the ALJ or anything that the board did to even indicate that it was exercising any type of jurisdiction over First Transit. Why aren't you objecting to First Transit's participation in this appeal? This was an issue that we discussed with the client. We are not taking a position about whether they have standing before this court because there is some issue of whether they have a sufficient legal interest in the case, but that is a matter that we reserve for this court to determine whether they have standing here. Clearly, they had no standing because they did not file a motion to intervene before the board. The board never indicated that they were a party, that they were not served with anything, save that the very last thing, River Valley was served with a copy of the board's decision. Prior to that time, they were not served with the charging parties charged. They were not served with a complaint by the executive director. The ALJ's order to show cause was not served on them. The ALJ's recommendations, specifically in two places, named River Valley as the respondent. That's at A12 and A18, footnotes 1 and footnote 2. That's the ALJ's recommended order. And the board's decision, the text of the decision, very clearly distinguishes that they are talking about River Valley as the respondent. They specifically talk about First Transit and they talk about what they filed and what they did, but they only address River Valley. But your first transit, so they obviously have an interest. No, the order does not require, to address that question, the order specifically requires that River Valley rehire Johnson. I thought it was that River Valley exercised its influence. To comply with the order, but that board statement states to the board, who's the real employer, addressing the arguments that if there is an issue about who the employer, but as far as the board's order is concerned, because it was basically an order saying the default judgment stands, that means that First Transit, excuse me, River Valley has admitted all the charges, which would mean that River Valley was in fact the employer. And the order only is based on the, excuse me, the complaint, which is deemed admitted, which states that River Valley was the employer and River Valley committed an unfair labor practice in discharging its employee, Johnson, and therefore the order orders the respondent, River Valley, to re-employ her. Some of the confusion arises because there's one party that was served, and that party is named as First Transit, River Valley Metro. Yes. And the district, First Valley, excuse me, River Valley Metro, has never challenged that that was a misnomer or they were misidentified. That's never... That is correct. And as you will note in the ALJ's recommended order, River Valley filed at least two documents specifically identifying itself as the respondent, River Valley slash First Transit. So if I understand correctly, the only party served with the complaint is the only party required to rehire Johnson. That is correct, Your Honor. And the board concedes it has no jurisdiction to order First Transit to do anything. It could allow First Transit to intervene if First Transit had filed a motion to intervene. What is your position with regard to standing? I know we can always examine jurisdiction ourselves, raise it ourselves. What about standing? The client, after discussion with the client, the board declines to make an argument about standing because, frankly, we... Or whether we can raise it on our own. You can, yes. You can always raise it on your own. And it's a bit of a complex issue because First Transit certainly could argue, although they haven't, that they have sufficient legal interest in the matter. They have a contractual relationship with River Valley. River Valley has been... But your position is they do not have standing, at the very least, First Transit. Before this court? Yes. We take no position. Okay. All right. Thank you. If there are any other questions about the underlying issue, which is whether River Valley was entitled to a variance under the board's orders, we need to recall that we are here basically on a default judgment. So aside from the subject matter jurisdiction issue, whether the board had jurisdiction even to enter its order against River Valley, the underlying issue is whether River Valley's filings entitled it to either a variance under one board rule or leave to file late. We think our brief adequately addresses those reasons. Basically, the court should... We feel the court should look specifically at the Wooddale case. The Wooddale case very clearly lays out both the criteria under the variance provision of the board's rules, what is required, and in a footnote, and I need to alert the court that I miscited something in my brief here. And in a footnote, the Wooddale case also says we would make the same finding under the board's rule regarding extraordinary circumstances, the two rules. And in my brief, I cite Wooddale at 526. I also should have cited it at Wooddale at 530, note 2, where they specifically say we would make the same finding under the board's rule regarding extraordinary circumstances. So we believe under the Wooddale case, the late filing of both the answer, seven days late, and to address this court's question, the board's position is that the date that River Valley dropped it in the mail, its motion to answer in Stanter, the date was the date of filing. So even though there was talk about it didn't get there till 14 days later, the board concedes it was filed seven days late. And that's important because even if you look to the Cook County case, which is the case that says, well, we could consider this more lenient standard, even in that case, the Cook County case specifically distinguished the late filing in Cook County case, which is only three hours from an earlier board decision of three days. And Cook County said, well, three hours is clearly not, three hours is essentially you filed on time, it's due diligence. But we distinguish the earlier board case, which was three days. And that's at Cook County at nine. So even under the more lax decision in Cook County, which held there's mitigating circumstances, even though it was attorney negligence, because they were diligent in attempting to file their answer, and they were, they presented a meritorious defense. Here, the answer was filed seven days late. And of course, the motion for requesting a variance was filed 24 days after it's, after they discovered that they were, excuse me, 20 days after they made a mistake. So clearly under Wooddale, and even under Cook County, there was no due diligence here. And a meritorious defense is only something that is discussed in the Cook County case. Wooddale specifically reminds us that Cook County didn't actually adopt that standard. But here, of course, the meritorious defense would be that there's no subject matter jurisdiction. But here, of course, that whole issue of whether there's subject matter jurisdiction would require a hearing. And because they were late, and because all they filed was the contract, there's not sufficient evidence to determine that. So they really didn't present a meritorious defense. And to add even more to that, technically, River Valley never filed that. This is something that you file early on in the investigation. And River Valley asked First Transit to file on behalf of River Valley, representing River Valley. But First Transit didn't file that. What First Transit filed was its own defense on its own behalf. So First Transit never actually fulfilled its duty to defend River Valley, even at the early initial stages. It thought it was a defendant, so it filed on its own behalf. So there was no meritorious defense presented by River Valley at any time. So River Valley never filed a position statement? No, it did not. First Transit technically filed a position statement on its own behalf, strictly talking about First Transit's position. First Transit filed on behalf of River Valley. Its attorneys should have gone in and filed on behalf of River Valley, but they never did that. They filed only on behalf of First Transit. There are any other questions? Otherwise, thank you very much, Your Honors. We ask that this Court affirm the decision of the Labor Relations Board. Thank you, Counselor. Counselor, you may proceed. Just briefly, Justice Rake, on page 20 of the statute, what is the duty to defend, indemnify, and hold harmless? Thank you. There's a lot of talk about concurrent jurisdiction in joint employment and the Illinois Supreme Court's case about it being an interesting question, but the complaint here isn't formed in a format of joint employment. It seeks to hold the district as solely as Johnson's sole employer, and that is where the subject matter of the complaint is invoked, and that's where the problem is, is that is the NLRB already exercised jurisdiction as the employer? And in fact, in her affidavit to the NLRB, Ms. Johnson admitted that First Transit was her employer. So the Board was aware of that before it issued the complaint. So, yes, had the complaint been issued in the format of a joint employment issue, certainly the concurrent jurisdiction in that matter would be before the Board for hearing, but that was not the case. It issued the complaint solely as the district was the sole employer, even while it knew the NLRB had already exercised jurisdiction as Ms. Johnson's employer. And I have a feeling, I don't know, I wasn't on the case, but I assume that the concurrent jurisdiction that the Supreme Court talked about spoke about the NLRB's control over a certain matter which, in this example, the district does not have the right to terminate First Transit employees. And Ms. Johnson was not terminated. She was transferred off the district's working routes. She chose to quit her job. But that's what I would end with. And I think these rules should be exercised liberally in favor of this matter being tried on the merits, as opposed to the default procedures. And I would just ask that the decision be reversed. Thank you. Court will take this matter under advisement.